Filed 9/22/15  In re A.M. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re A.M. et al., Persons Coming Under the Juvenile Court Law. | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES, | E062687 |
| Plaintiff and Respondent, | (Super.Ct.No. J252135) |
| v. | OPINION |
| J.M. et al., | |
| Defendants and Appellants. | |

APPEAL from the Superior Court of San Bernardino County.  Cheryl C. Kersey, Judge.  Affirmed as to P.G.; dismissed as to J.M.

Cristina Gabrielidis, under appointment by the Court of Appeal, for Defendant and Appellant, P.G.

Liana Serobian, under appointment by the Court of Appeal, for Defendant and Appellant, J.M.

1

Jean-Rene Basle, County Counsel and Danielle E. Wuchenich, Deputy County Counsel, for Plaintiff and Respondent.

In this appeal, which is the fourth time this case has been before this court,[1] maternal grandmother challenges the court's denial of her modification petition under Welfare and Institutions Code section 388.[2] Mother and father were incarcerated for the duration of the dependency proceedings regarding their two minor children, An.M and Al.M. At various stages in the proceedings, the court denied grandmother's placement request, finding her to be an inappropriate caretaker. In June 2014, on the day of the section 366.26 hearing, grandmother filed a section 388 petition asking the court to select her home as the prospective adoptive home. The court denied the petition, terminated parental rights, and ordered adoption as the permanent plan for the minor children. The prospective adoptive parents were the foster parents who had been caring for the children from the beginning of the proceedings.

After termination, mother and father appealed the court's order and filed multiple section 388 petitions seeking reunification services and legal custody of the children. We dismissed the appeal, and the juvenile court denied the petitions.

---

[1] We have previously dismissed mother's and father's appeal of the order terminating their parental rights (case No. E061329) and two of mother's writ petitions (case Nos. E060387 and E062501).

[2] All further unspecified statutory references are to the Welfare and Institutions Code.

In January 2015, more than seven months after the section 366.26 hearing, grandmother filed a second section 388 petition (based on the same declaration supporting her previous petition) requesting custody of or visitation with the children. The court denied the petition for failure to state new evidence and because placement or visitation with grandmother would not be in the children's best interest.

Father and grandmother appealed the denial of their petitions.[3]  Grandmother contends the court erred in denying her petition without a hearing because she made the prima facie showing required for a hearing.  Father joins in grandmother's arguments; he raises no arguments regarding the denial of his petition.

We dismiss father's appeal for lack of standing and affirm the denial of grandmother's petition.  The court properly denied grandmother's petition because, at that juncture in the proceedings, a modification petition was not the appropriate mechanism for seeking custody or visitation.  And even if grandmother could obtain the relief she sought under section 388, she failed to base her petition on changed circumstances or new evidence.

---

[3]  Father appeals the denial of the second section 388 petition he filed after the termination of his parental rights.

3

# I

## FACTUAL AND PROCEDURAL BACKGROUND

An.M. was born in 2011 and his younger brother Al.M was born in 2012. Mother and father both have extensive criminal histories and mother has significant untreated substance abuse problems. By the time of this dependency proceeding, mother had already lost her parental rights to three of An.M and Al.M's half siblings due to findings of physical abuse and neglect.

In November 2013, the County of San Bernardino Children and Family Services (CFS) filed dependency petitions on behalf of An.M and Al.M after the police arrested mother for driving under the influence, reckless evading, and child endangerment. While driving erratically under the influence one night, mother led the police on a slow speed chase. When she finally stopped her car, the police found An.M., who was two at the time, unrestrained in the front seat without pants or shoes.

Grandmother requested placement of the children throughout the proceedings. CFS conducted two assessments of grandmother and concluded that she was unable to protect the children from mother. CFS presented evidence that, in June 2013 (several months before mother's arrest), grandmother had entered into a safety plan with CFS as a result of mother's substance abuse problems. Under the plan, grandmother was supposed to seek guardianship of the children and keep them away from mother when she was

4

under the influence. She was also supposed to contact law enforcement if any problems arose in connection with mother.

An.M. had been in grandmother's care the night that mother was arrested for child endangerment. Grandmother was not at her house when mother came by and took An.M., and she did not call the police when she returned home and learned from her grandson that mother had taken the child. During an interview after mother's arrest, grandmother minimized mother's substance abuse issues. She also informed the social worker that she had not filed for guardianship until October 2013, several months after enactment of the safety plan.

Additionally, postdisposition visits with grandmother had not been going well. The children would cry before visits and "cling" to their foster parents. Based on CFS's evidence and recommendation, the court determined that mother was not an appropriate caretaker and that placement with her would not be in the children's best interests.

At the section 366.26 hearing in June 2014, grandmother filed a section 388 petition requesting that she be allowed to adopt the children. In support of her petition, grandmother argued that she did not approve of mother's lifestyle and would be able to protect the children from mother. She attached a temporary domestic violence restraining order that she had obtained against mother. The court stated that the petition was untimely because it was made when a section 366.26 hearing was in progress. The court ruled that grandmother had not demonstrated a prima facie case warranting a hearing. At

5

the conclusion of the hearing, the court terminated parental rights and ordered adoption as the permanent plan. Grandmother did not appeal the court's denial of her petition.

At the permanency plan review hearing in November 2014, the court ordered that adoption remain the children's permanent plan. CFS had selected the foster parents that had been caring for the children from the beginning of the case as the prospective adoptive parents. It found that CFS was likely to finalize the adoption in May 2015.

In December 2014, father filed a section 388 petition requesting reunification services. This was his second modification petition after his parental rights were terminated. The court denied the petition and father appealed that ruling.

In January 2015, more than seven months after the termination order, grandmother filed another section 388 petition, this time requesting "physical custody or visitation." This petition was based on the same declaration grandmother had submitted with her previous modification petition. At a prima facie hearing on March 3, 2015, the court denied the petition because it failed to state new evidence or changed circumstances and because modification of the permanent plan was not in the best interests of the children.

Grandmother appealed the court's ruling. Father's and grandmother's appeals were consolidated.

II

ANALYSIS

A. *Father Does Not Have Standing*

Although father's notice of appeal states that he is appealing the denial of his

December 2014 modification petition, he abandoned this challenge by failing to discuss

that ruling in his briefing. Father's opening brief joins in grandmother's arguments

regarding the denial of her modification petition and does not mention his own petition.

Abandonment aside, father lacks standing to challenge either ruling because his parental

rights were terminated. Only a party whose interests have been "injuriously affected" by

a ruling has standing to appeal. (*In re K.C.* (2011) 52 Cal.4th 231, 236.) The termination

of father's parental rights severed his interest in the children. (*Ibid.*) As such, he had no

interests that could have been harmed by the court's denial of his or grandmother's

modification petition.[4] We therefore dismiss his appeal for lack of standing.

---

[4] Indeed, the court properly denied father's petition because it had no jurisdiction to grant it. "Under section 366.26, subdivision (i)(1), 'a juvenile court lacks jurisdiction to modify or revoke an order terminating parental rights once it has become final.' " (*In re Cody B.* (2007) 153 Cal.App.4th 1004, 1010.) A motion to reinstate reunification services is simply an attempt to "revive . . . 'parental rights under a different theory' " and constitutes a "collateral attack[] on the termination judgment." (*Id.* at pp. 1012-1013.)

B. *Grandmother Did Not Make a Prima Facie Showing*

Section 388 allows a parent or other person having an interest in a dependent child to petition the court to modify an order previously made based on changed circumstances or new evidence. We review a court's denial of a modification petition for abuse of discretion. (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318.)

Grandmother's modification petition requested custody or, at a minimum, visitation. Given the posture of the case when she filed the petition, custody and visitation were not obtainable under section 388.

Section 366.26 provides that, from the time the court terminates parental rights and frees a child for adoption until adoption takes place, the social services agency is responsible for the child's supervision and for placement decisions. (§ 366.26, subd. (j).) At the time of grandmother's petition, the court could not select her as the adoptive parent because it had already ordered adoption as the children's permanent plan. (*Los Angeles County Dept. of Children Etc. Services v. Superior Court* (1998) 62 Cal.App.4th 1, 10 [after a child is freed for adoption under § 366.26, "the court may not interfere and disapprove of" the agency's placement decision unless the decision is an abuse of discretion].) Rather, a party seeking custody of a child freed for adoption should submit an application for adoptive placement to the social services agency. (§ 366.26, subd. (k).) Accordingly, grandmother's recourse for seeking custody was to apply for adoptive

placement with CFS, it was not to file a modification petition with the court after selection of the permanent plan.

Neither could grandmother obtain postadoption visitation through a modification petition. Once an adoption is final, a court terminates its jurisdiction over the child. (Welf. & Inst. Code, § 366.3, subd. (a).) Thereafter, a person outside the adoptive family seeking visitation must do so through voluntary agreement with the adoptive family under Family Code section 8616.5. Accordingly, visitation before adoption was the only visitation grandmother could have obtained through her petition. Given that this visitation period was likely to be very brief (the court heard the petition a few months before the adoption was expected to be finalized) and given that CFS had reported grandmother's visits were upsetting the children, we conclude that the court did not abuse its discretion in refusing to order visitation.

Finally, even if grandmother could have obtained custody or visitation through a modification petition filed after permanent plan selection, she failed to make the required prima facie showing of changed circumstances or new evidence. Grandmother's petition was based on the same declaration that she submitted with her first petition, the one she filed during the section 366.26 permanency planning hearing.

9

III

DISPOSITION

Father's appeal is dismissed.  The court's denial of grandmother's section 388 petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>CODRINGTON</u>
J.

We concur:

<u>RAMIREZ</u>
P. J.

<u>HOLLENHORST</u>
J.

10